## EN MOCION DE RECONSIDERACION [1]

Abril 19, 1944.

En este caso el peticionario ha presentado una moción de reconsideración alegando que es errónea la interpretación que dimos al último párrafo del artículo 1867 del Código Civil. Insiste el peticionario que debemos seguir la interpretación que el Tribunal Supremo de España dió al artículo 1967 del Código Civil Español [igual al 1867 del nuestro] en su sentencia de 19 de diciembre de 1933. De conformidad con dicha sentencia de España, el tiempo para la prescripción de la acción en cobro de salarios debe empezarse a

---

(1) Lics. José López Baralt y Leopoldo Tormes García, en la moción de reconsideración.

contar desde que el empleado recibió el pago de su salario semanal, quincenal o mensual, según fuere el caso, por ser en tal momento cuando eficazmente pudo y debió reclamar el empleado cualquier deficiencia en el pago de su salario.

Arguye el peticionario que cuando el contrato de servicios es por término indefinido, si se conviene pagar los servicios semanal, quincenal o mensualmente, se presume que el contrato se ha celebrado por el término mínimo de una semana, una quincena o un mes, según fuere el caso. En apoyo de su contención el peticionario invoca ciertos casos tomados de una nota de Curpus Juris. Cree también el peticionario encontrar apoyo para esa presunción en el artículo 1478 del Código Civil, el cual no tiene su equivalente en el Código Civil español, y dice así:

"Todo empleado de industria o de cualquier otro negocio lucrativo, contratado *sin tiempo determinado,* cuyo sueldo fuese convenido por mes, quincena o semana, que fuere destituído de su cargo sin justa causa y sin previo aviso de quince días de anticipación, por lo menos, tendrá derecho a recibir de su principal o patrono el sueldo que tuviere devengado, y el de un mes, una quincena, o una semana adicional, según fuere el caso. . . ." (Bastardillas nuestras.)

La presunción que invoca el peticionario sin duda existe en los estados de donde proceden los casos por él citados. Pero en Puerto Rico esa presunción no existe ni puede encontrarse, como pretende el peticionario, en el artículo 1478 del Código Civil. El propósito de dicho artículo es conceder una indemnización predeterminada para aquellos casos en que no existiendo *término fijo* en el contrato de servicios, el petrono destituye al empleado *sin justa causa y sin previo aviso de quince días de anticipación.* Para fijar esa compensación alguna norma precisaba establecerse, y el legislador optó por tomar como medida de la compensación el salario de una semana, una quincena o un mes, según que el sueldo se pagase por semana, quincena o mes respectivamente. Pudo haber fijado cualquiera otra norma sin que por ello pueda entenderse que se fijó término al contrato.

Esa presunción existe en España, pero es a virtud del artículo 18 del Código de Trabajo de dicha nación, que dice así:

"El contrato de trabajo, cualquiera que sea, durará el tiempo estipulado.

"A falta de estipulación expresa, y salvo el caso de prueba de costumbre en contrario, se entenderá concertado: por día, cuando la remuneración sea diaria, aun cuando su pago se efectúe por semana o por quincena; por meses, cuando la remuneración sea mensual, y anual, si es por años."

Mas en Puerto Rico, como dijéramos en la opinión principal, no rige dicho Código de Trabajo, ni ninguna otra ley similar, y por consiguiente tenemos que interpretar el artículo 1867 de nuestro Código Civil de conformidad con sus propios términos, considerados a la luz de su historia legislativa.

El artículo 1967 del Código Civil Español tiene su génesis en la Ley 10, Título 11, Libro 10, de la Novísima Recopilación, dispositiva de que la acción para cobrar lo adeudado a sirvientes y menestrales por concepto de servicios prestados debía establecerse "dentro de tres años después que fueren despedidos de los tales señores," a menos que se probase que la prescripción había sido interrumpida por requerimientos de cobro hechos dentro de dicho período. Códigos Españoles, tomo 9, página 339.

No podía ocultarse al autor de la ley de la Novísima Recopilación a que acabamos de referirnos la enorme desventaja en que se hallaba a principios del siglo dieciséis, fecha de la ley, el desvalido obrero con respecto al poderoso "su señor." Sólo a riesgo de perder su trabajo se hubiera atrevido entonces el obrero reclamar de su patrono lo que justamente le debiese por concepto de salario. Y para que las más de las veces el derecho del obrero no resultase ilusorio, dispuso aquella ley que la prescripción no empezaría a contarse sino desde la fecha en que el obrero hubiese quedado libre de la influencia del patrono.

Pero al aprobarse en el siglo diecinueve el Código Civil español, sus autores se dieron cuenta de que al variar la naturaleza de los servicios que venía prestando el obrero, se operaba una novación que extinguía el contrato anterior para dar paso a un nuevo contrato. Estas consideraciones sin duda los movieron a restringir el alcance de la ley de la Novísima Recopilación, de suerte que el período prescriptivo se contase a partir de la terminación de cada contrato sin tener en cuenta que el obrero continuase al servicio del mismo patrono, y llevando a cabo su propósito dispusieron en el último párrafo del artículo 1967 del Código Civil:

"El tiempo para la prescripción de las acciones a que se refieren los tres párrafos anteriores se contará desde que dejaron de prestarse los *respectivos* servicios." (Bastardillas nuestras.)

Si el propósito de los autores del Código Civil hubiera sido crear la presunción de que el contrato de servicios sin término definido se entendiese vencido a la terminación de cada semana, quincena o mes, según fuere el caso, cuando los servicios fueren pagados por semana, quincena o mes, respectivamente, y que por consiguiente el término de prescripción se empezará a contar desde que el patrono había hecho cada pago, fácilmente le hubiera sido así expresarlo, conforme lo hizo en relación con el arrendamiento de predios urbanos cuando el contrato no fija término al arrendamiento.([1]) El Tribunal Supremo de Cuba en sentencia núm. 99 de 2 de diciembre de 1905, interpretó el artículo 1967 del Código Civil en la misma forma en que lo hacemos en el presente caso, e igual interpretación le dieron siempre los comentaristas del Código Civil español y el propio Tribunal Supremo de España hasta que surgió en aquel país el Código de Trabajo. Mas aquí, donde ese último Código no rige, no es posible aplicar a casos como el presente el artículo 1869 de nuestro Código (1969 del espa-

---

([1]) "Si no se hubiese fijado plazo al arrendamiento, se entiende hecho por años cuando se ha fijado un alquiler anual, por meses cuando es mensual, por días cuando es diario. . . ." Artículo 1581, Código Civil Español (art. 1471, Puerto Rico, ed. 1930).

ñol), que cuenta la prescripción desde que la acción pudo ejercitarse. Esto es así porque el artículo 1869, de acuerdo con sus propios términos, se aplica "cuando no haya disposición especial que otra cosa determine," y esa disposición especial está expresada, como hemos visto, en el último párrafo del artículo 1867, que para casos como el presente preceptúa que la prescripción se empieza a contar "desde que dejaron de prestarse los respectivos servicios."

Los modernos medios de defensa de que en el presente dispone el obrero para defender sus derechos, hacen innecesario para él y quizás injusto para el patrono mantener a este último sujeto a la amenaza de una reclamación de salarios por todo el tiempo que pueda durar un contrato de servicios sin término definido y hasta tres años después de haberse dejado de prestar los respectivos servicios. En muchos casos el patrono corre el riesgo de perder la evidencia que hubiera podido usar en su defensa si el pleito contra él se hubiera presentado dentro de un plazo razonable; en otros, puede crecer a tal extremo el montante de la reclamación que la sentencia que lo condene a pagarla pueda producir su ruina económica. Pero esas consideraciones, lógicas y justas como son, deben ser sometidas a la Asamblea Legislativa y no a los tribunales, a quienes les está vedado pasar sobre la bondad y sabiduría de las leyes.

*Procede por lo expuesto denegar la moción de reconsideración.*