PABLO VILLANUEVA APONTE ET AL., demandantes y peticionarios, *v.* UNIVERSIDAD DE PUERTO RICO ET AL., demandados y recurridos; ANÍBAL SANTIAGO MALDONADO ET AL., interventores y recurridos.

*Números:* CC-2003-329  *Resueltos:* 28 de octubre de 2005
CC-2003-293
CC-2003-269

*Jesús Hernández Sánchez*, abogado de la parte peticionaria; *José L. González Castañer*, abogado de la parte recurrida; *Luis Antonio Pabón Rojas*, abogado de la parte interventora y recurrida.

## RESOLUCIÓN

A la Moción de Reconsideración, presentada por la parte demandada y peticionaria, *se provee "no ha lugar"*.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rebollo López emitió, en reconsideración, una opinión disidente. El Juez Presidente Señor Hernández Denton y la Jueza Asociada Señora Fiol Matta se inhibieron.

*(Fdo.)* Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*

— O —

Opinión disidente emitida, en etapa de reconsideración, por el Juez Asociado Señor Rebollo López.

El 13 de septiembre de 2005, y mediante la emisión de una errónea y —por qué no decirlo— arbitraria e injusta sentencia, de la cual disentimos sin opinión escrita, una mayoría de los integrantes del Tribunal revocó, *sub silentio*, una correcta y bien fundamentada normativa, o jurisprudencia, establecida por este Foro desde hace varias décadas; jurisprudencia de avanzada y excelencia, en lo referente a los derechos de los trabajadores puertorriqueños, la cual tiene como base una clara intención legislativa.

No cabe duda de que la decisión emitida por la Mayoría lesiona y lastima, de forma irreparable, a un sector de la clase obrera puertorriqueña —el empleado gubernamental— al establecer, *en un crudo acto de legislación judicial*, un período de retroactividad —de tres años— relativo a la reclamación de salarios no devengados; ello a base de la improcedente aplicación, por analogía, de la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico,([1]) *estatuto que, por sus propios términos, excluye, o no aplica, a los empleados gubernamentales como los aquí demandantes peticionarios.*

Como si todo lo anteriormente expuesto fuera poco, *la Mayoría aduce, en apoyo de su errónea actuación, dos fundamentos que merecen nuestro más enérgico repudio.* De manera escueta y errónea se les aplica a los demandantes, de forma indirecta, la doctrina de incuria. *Peor aún*, si es que ello es posible, se hace depender los justos reclamos, o derechos, de los demandantes del costo económico que acarrea para la parte demandada su ejercicio. *Dicho de otra manera, la Mayoría le ha puesto precio, en dólares y centavos, a la justicia que este Tribunal dispensa.*

---

([1]) Ley Núm. 180 de 27 de julio de 1998 (29 L.P.R.A. sec. 250).

## I

Es un principio jurídico universal que el término que tienen las personas para ejercer las diferentes acciones en reclamo de sus derechos no es, ni debe ser, ilimitado. Es por ello que se han establecido términos prescriptivos, los cuales son, naturalmente, prospectivos; esto es, éstos comienzan a contarse a partir de un momento en específico en adelante. La gran mayoría de los términos prescriptivos, vigentes en nuestro ordenamiento, se encuentran en los diferentes estatutos que rigen las distintas materias legales.

Hay ocasiones, sin embargo, en que nos topamos con situaciones en que no existe un término prescriptivo estatuido para una situación en particular. De ordinario, ello se subsana por los estatutos, *de índole general*, que contiene nuestro ordenamiento. Esta fue la situación que abordamos en *Aponte v. Srio. de Hacienda, E.L.A.*, 125 D.P.R. 610 (1990). En esa ocasión nos enfrentamos a la interrogante sobre cuál era el término prescriptivo aplicable a las reclamaciones contra el Gobierno por salarios devengados, y no pagados, a sus empleados.[2] En virtud de que "nuestro ordenamiento tiene dispuesto que en las materias que se rigen por leyes especiales, la deficiencia de éstas se suplirá por las disposiciones [del Código Civil]", en el referido caso concluimos que "el plazo para ejercitar una acción de reclamación de salarios de un empleado gubernamental se rige por el Art. 1867 del Código Civil de Puerto Rico". 31 L.P.R.A. sec. 5297.[3]

---

[2] Este caso se trataba de demandas millonarias donde cientos de policías reclamaban el pago de unos pasos de retribución concedidos por virtud de varias leyes laborables.

[3] El Art. 1867 del Código Civil, 31 L.P.R.A. sec. 5297, dispone lo siguiente:

"Por el transcurso de tres (3) años prescriben las acciones para el cumplimiento de las obligaciones siguientes:

"(1) La de pagar a los jueces, abogados, registradores, notarios, peritos, agentes y curiales, sus honorarios y derechos, y los gastos y desembolsos que hubiesen realizado en el desempeño de sus cargos u oficios en los asuntos a que *las obligaciones se refieran.*

Resolvimos en el antes citado caso que los empleados gubernamentales tienen el período de tres años —contados a partir del *cese* en la prestación de servicios— para presentar la acción correspondiente en cobro de los haberes a que supuestamente tienen derecho y que no le fueron satisfechos. Determinamos, además, que a tenor con la jurisprudencia que sobre este tema había desarrollado este Tribunal, estos tres años comenzaban a decursar cuando el empleado *cesaba* en su empleo, cuando *interrumpía* sus servicios por un período de tiempo[4] o cuando ocurría una *novación* en su contrato de empleo.[5]

Es importante enfatizar el hecho de que en el citado caso *Aponte v. Srio. de Hacienda, E.L.A.*, ante, pág. 621, este Tribunal se negó a utilizar, *de forma alguna*, la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico debido a que "dicha [ley] específicamente *excluyó* de su aplicación, entre otros, a los empleados gubernamentales". (Énfasis suplido.)

Es por ello que, *cuando menos*, sorprende la actuación de la Mayoría en el caso al utilizar, *por analogía*, la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico para *perjudicar* los derechos de los empleados gubernamentales. *En un burdo acto de legislación judicial, la Mayoría ha creado un nuevo término "prescriptivo" retroactivo que limita a tres años el tiempo por el cual el empleado gubernamental puede reclamar los salarios que*

---

"(2) La de satisfacer a los farmacéuticos las medicinas que suministraron; a los profesores y maestros sus honorarios y estipendios por la enseñanza que dieron, o por el ejercicio de su profesión, arte u oficio.

"(3) La de pagar a los menestrales, criados y jornaleros el importe de sus servicios, y de los suministros o desembolsos que hubiesen hecho, concernientes a los mismos.

"(4) La de abonar a los posaderos la comida y habitación, y a los mercaderes el precio de los géneros vendidos a otros que no lo sean, o que siéndolo se dediquen a distinto tráfico.

"El tiempo para la prescripción de las acciones a que se refieren los tres párrafos anteriores se contará desde que dejaron de prestarse los respectivos servicios."

[4] Aun cuando el patrono lo vuelva a emplear.

[5] Citando a *Agostini v. Tribunal Superior*, 82 D.P.R. 219, 230 (1961).

*no le fueron satisfechos, término contenido en la mencionada ley, la cual, repetimos, no le aplica a los empleados gubernamentales.*

A esos efectos, la Mayoría señala que como "el Reglamento de la UPR, que rige en lo esencial la reclamación de los peticionarios, no contiene disposición alguna sobre la retroactividad de reclamaciones salariales de los empleados de esa institución", existe una "laguna normativa"; en vista de ello, concluye —en un absurdo acto de malabarismo jurídico— que "procede aplicar el término más análogo, que es el que provee la Ley de Salario Mínimo".

Como resulta obvio, la contradicción espantosa en la que incurre la Mayoría "salta a la vista y hiere la retina".[6] Por un lado ésta acepta —realmente no le queda otro remedio— que la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico *no* aplica, o excluye, a los empleados gubernamentales. Ello no obstante, a renglón seguido, determina que el término de retroactividad de tres años que establece esa ley es el que debe utilizarse, por analogía, en el presente caso para coartar, o limitar, los derechos de los empleados gubernamentales; esto es, "por cuánto tiempo pasado se pueden reclamar salarios que no se pagaron", a pesar de que se debían haber pagado.

La Mayoría pasa por alto, o ignora, el hecho de que en *Aponte v. Srio. de Hacienda, E.L.A.,* ante, los empleados reclamaron, de forma retroactiva más de diez años de salarios no devengados, *sin que este Tribunal limitara el número de años que podían ser reclamados.* Específicamente en ese caso, los salarios reclamados correspondían a servicios prestados durante periodos que alcanzaban hasta los veintitrés años para algunos reclamantes. Esa era la norma jurisprudencial hasta hoy vigente, la cual, ciertamente, le hacía justicia al empleado gubernamental.

---

[6] *In re Roldán González*, 113 D.P.R. 238, 242 (1982).

Es evidente que ante la creación de la nueva norma jurisprudencial, *de ahora en adelante*, los empleados gubernamentales que interesen reclamar la totalidad de sus derechos estarán *obligados* a instar sus reclamaciones, no a partir del momento dispuesto hasta ahora por el antes citado Art. 1867 y por nuestra jurisprudencia —esto es, dentro de los tres años del *cese* en su empleo, la *interrupción* de sus servicios o la *novación* de sus contratos— *sino dentro de los tres años contados a partir del día en que se prestó el servicio en particular no pagado*,([7]) situación que en el pasado *nos hemos negado*, específicamente, a avalar.

En *Muñoz v. Corte*, 63 D.P.R. 245 (1944) —caso que la Mayoría cita para intentar justificar su actuación, señalando que "esta cuestión no es realmente novel", ya que había sido anticipada en éste— *nos negamos, específicamente, a resolver* que el término prescriptivo establecido por el citado Art. 1867 del Código Civil comenzaba a decursar "desde que al final de cada semana recibió el pago de sus salarios", *por entender que dicha interpretación era contraria al historial legislativo y a la jurisprudencia interpretativa de la referida disposición estatutaria.*

Resulta importante enfatizar que desde 1944 —fecha cuando resolvimos *Muñoz v. Corte*, ante— *hemos señalado que esta cuestión, esto es, la de la retroactividad en esta clase de situaciones, debe ser resuelta por la Asamblea Legislativa, y no por este Tribunal.*

No hay duda, en consecuencia, que *no* se trata, como nos quiere hacer creer la Mayoría, de que en nuestro ordena-

---

([7]) Un sencillo ejemplo ilustra lo anteriormente dicho: el patrono X deja de pagarle al empleado Y parte de los salarios correspondientes a 1997, 1998 y 1999. El empleado Y deja de trabajar para X en 2004, por lo que, a tenor con lo dispuesto en el citado Art. 1867, desde este momento tiene tres años —hasta 2007— para reclamar los salarios no pagados. Ahora bien, de acuerdo con lo dispuesto en la sentencia mayoritaria, este empleado sólo podrá reclamar por los tres años "anteriores a la fecha en que entabló la reclamación judicial", lo cual significa que si presenta su acción en 2007, sólo podrá reclamar por 2004, 2005 y 2006. El problema es que durante esos años el empleado *no* tiene nada que reclamar, ya que había cesado de trabajar en el 2004.

miento jurídico exista un vacío, en cuanto a la retroactividad aplicable a esta clase de casos, que haya que suplir. *De lo que verdaderamente se trata es de que este Tribunal siempre ha entendido que este es un asunto de la exclusiva incumbencia de la Asamblea Legislativa de Puerto Rico y que hasta que este Cuerpo actúe sobre éste, se deberá permitir que el empleado gubernamental pueda reclamar por todos los años que no le pagaron lo que la ley ordenaba.*

## II

Lo más lamentable y desgraciado de la actuación mayoritaria, sin embargo, son las razones que expuso la Mayoría para intentar justificar su errónea actuación, *fundamentos que merecen el más enérgico rechazo de todos.*

Se expresa en la sentencia mayoritaria, en primer lugar, que los empleados demandantes demoraron muchos años, sin justificación alguna, en presentar su acción. *Nada más lejos de la verdad.* Ignora la Mayoría que en el presente caso *no* estamos ante una dilación injustificada. Los empleados demandantes actuaron *dentro* del período prescriptivo que para presentar su acción establecían las leyes pertinentes y su jurisprudencia interpretativa. *Mal puede imputársele incuria a un demandante que actúa cumpliendo con los términos vigentes en nuestro ordenamiento jurídico.*

Por otro lado, la mayoría *intenta justificar* su errónea actuación expresando que ésta alivia la difícil situación presupuestaria de la demandada Universidad de Puerto Rico, asunto o consideración que resulta totalmente impertinente. *La función de este Tribunal es hacer justicia.* Ello se logra mediante la emisión, de manera imparcial y objetiva, de decisiones correctas en derecho. La injusticia *no* tiene cabida en este Tribunal. Mucho menos la tiene consideraciones relativas a dólares y centavos. Nos negamos a ponerle precio a la justicia que dispensamos.

En fin, *no pudimos, ni estamos en posición de, suscribir este crudo, y arbitrario, acto de legislación judicial.* Es por ello que disentimos.