EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pablo Villanueva Aponte, et al.<br><br>    Demandantes-recurridos<br><br>         v.<br><br> Universidad de Puerto Rico, et al.<br><br>    Demandados-peticionarios<br><br> Aníbal Santiago Maldonado, et al.<br><br>    Interventores-recurridos | Certiorari<br><br>2005 TSPR 161<br><br>165 DPR ____ |

Número del Caso: CC-2003-329
         Cons. CC-2003-293
              CC-2003-269

Fecha: 28 de octubre de 2005

Tribunal de Apelaciones:

                    Región Judicial I de San Juan-Panel I

Juez Ponente:

                    Hon. Carlos Rivera Martínez


Abogados de la Parte Peticionaria:

                    Lcdo. José L. González Castañer
                    Lcda. Cristina B. Martínez Guzmán
                    Lcda. Gilda Del C. Cruz Martino

Abogados de la Parte Recurrida:

                    Lcdo. Luis Antonio Pabón Rojas
                    Lcdo. Jesús Hernández Sánchez


Materia: Reclamación de Salarios y horas de alimentos.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pablo Villanueva Aponte, *et al.*

    Demandantes-recurridos

        v.

| | | |
|---|---|---|
| Universidad de Puerto Rico, *et al.* | CC-2003-329 Cons. CC-2003-293 CC-2003-269 | CERTIORARI |

    Demandados-peticionarios

Aníbal Santiago Maldonado, *et al.*

    Interventores-recurridos

RESOLUCIÓN

San Juan, Puerto Rico, a 28 de octubre de 2005

       A la moción de reconsideración, radicada por la parte demandante-peticionaria, se provee no ha lugar.

       Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió Opinión disidente. El Juez Presidente señor Hernández Denton y la Juez Asociada señora Fiol Matta inhibidos.

                   Aida Ileana Oquendo Graulau
                 Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pablo Villanueva Aponte, *et al.*

 Demandantes-peticionarios

   v.

Universidad de Puerto Rico,   CC-2003-329  CERTIORARI
*et al.*        Cons. CC-2003-293
            CC-2003-269
 Demandados-recurridos

Aníbal Santiago Maldonado,
*et al.*
 Interventores-peticionarios


OPINIÓN DISIDENTE EMITIDA, EN ETAPA DE RECONSIDERACIÓN, POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 28 de octubre de 2005

El pasado 13 de septiembre de 2005, y mediante la emisión de una errónea y --por qué no decirlo-- arbitraria e injusta Sentencia, de la cual disentimos sin opinión escrita, una mayoría de los integrantes del Tribunal revocó, *sub-silentio*, una correcta y bien fundamentada normativa, o jurisprudencia, establecida por este Foro desde hace varias décadas; jurisprudencia de avanzada y de excelencia, en lo referente a los derechos de los trabajadores puertorriqueños, la cual tiene como base una clara intención legislativa.

No cabe duda que la decisión emitida por la Mayoría lesiona y lastima, de forma irreparable, a un sector de la clase obrera puertorriqueña --el empleado gubernamental-- al establecer, en un crudo acto de legislación judicial, un período de retroactividad --de tres años-- relativo el mismo a la reclamación de salarios no devengados; ello a base de la improcedente aplicación, por analogía, de la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico [1], estatuto que, por sus propios términos, excluye, o no es de aplicación, a los empleados gubernamentales como los aquí demandantes peticionarios.

Como si todo lo anteriormente expuesto fuera poco, la Mayoría aduce, en apoyo de su errónea actuación, dos fundamentos que merecen nuestro más enérgico repudio. De manera escueta y errónea se les aplica a los demandantes, de forma indirecta, la doctrina de incuria. Peor aún, si es que ello es posible, se hace depender los justos reclamos, o derechos, de los demandantes del costo económico que acarrea para la parte demandada el ejercicio de los mismos. Dicho de otra manera, la Mayoría le ha puesto precio, en dólares y centavos, a la justicia que este Tribunal dispensa.

I

Es un principio jurídico universal que el término que tienen las personas para ejercer las diferentes acciones en

---

[1] Ley Número 180 del 27 de julio de 1998.

reclamo de sus derechos no es, ni debe ser, ilimitado. Es por ello que se han establecido términos prescriptivos, los cuales son, naturalmente, prospectivos; esto es, los mismos comienzan a contarse a partir de un momento en específico en adelante. La gran mayoría de los términos prescriptivos, vigentes en nuestro ordenamiento, se encuentran en los diferentes estatutos que rigen las distintas materias legales.

Hay ocasiones, sin embargo, en que nos topamos con situaciones en que no existe un término prescriptivo estatuido para una situación en particular. De ordinario, ello se subsana por los estatutos, de índole general, que contiene nuestro ordenamiento. Esta fue la situación que abordamos en Aponte v. Secretario de Hacienda, 125 D.P.R. 610 (1990). En esa ocasión nos enfrentamos a la interrogante sobre cuál era el término prescriptivo aplicable a las reclamaciones contra el gobierno por salarios devengados, y no pagados, a sus empleados[2]. En virtud de que ". . . nuestro ordenamiento tiene dispuesto que en las materias que se rigen por leyes especiales, la deficiencia de éstas se suplirá por las disposiciones [del Código Civil]", en el referido caso concluimos que "el plazo para ejercitar una acción de reclamación de salarios

---

[2] Este caso se trataba de demandas millonarias donde cientos de policías reclamaban el pago de unos pasos de retribución concedidos por virtud de varias leyes laborables.

de un empleado gubernamental se rige por el Artículo 1867 del Código Civil de Puerto Rico", 31 L.P.R.A. sec. 5297.[3]

Resolvimos en el antes citado caso que los empleados gubernamentales tienen el período de tres años --contados a partir del <u>cese</u> en la prestación de servicios-- para radicar la correspondiente acción en cobro de los haberes a que supuestamente tienen derecho y que no le fueron satisfechos. Determinamos, además, que a tenor con la jurisprudencia que sobre este tema había desarrollado este Tribunal, estos tres (3) años comenzaban a decursar cuando

---

[3] El artículo 1867 del Código Civil, ante, dispone lo siguiente:

> Por el transcurso de tres (3) años prescriben las acciones para el cumplimiento de las obligaciones siguientes:
>
> (1) La de pagar a los jueces, abogados, registradores, notarios, peritos, agentes y curiales, sus honorarios y derechos, y los gastos y desembolsos que hubiesen realizado en el desempeño de sus cargos u oficios en los asuntos a que las obligaciones se refieran.
>
> (2) La de satisfacer a los farmacéuticos las medicinas que suministraron; a los profesores y maestros sus honorarios y estipendios por la enseñanza que dieron, o por el ejercicio de su profesión, arte u oficio.
>
> (3) La de pagar a los menestrales, criados y jornaleros el importe de sus servicios, y de los suministros o desembolsos que hubiesen hecho, concernientes a los mismos.
>
> (4) La de abonar a los posaderos la comida y habitación, y a los mercaderes el precio de los géneros vendidos a otros que no lo sean, o que siéndolo se dediquen a distinto tráfico.
>
> El tiempo para la prescripción de las acciones a que se refieren los tres párrafos anteriores se contará desde que dejaron de prestarse los respectivos servicios.

el empleado <u>cesaba</u> en su empleo; cuando <u>interrumpía</u> sus servicios por un período de tiempo[4]; ó cuando ocurría una <u>novación</u> en su contrato de empleo[5].

Es importante enfatizar el hecho de que en el citado caso de <u>Aponte</u>, ante, este Tribunal se negó a utilizar, <u>de forma alguna</u>, la Ley de Salario Mínimo debido a que "... dicha ley específicamente <u>excluyó</u> de su aplicación, entre otros, a los empleados gubernamentales".

Es por ello que, <u>cuando menos</u>, sorprende la actuación de la Mayoría en el presente caso al utilizar, <u>por analogía</u>, la Ley de Salario Mínimo para <u>perjudicar</u> los derechos de los empleados gubernamentales. <u>En un burdo acto</u> <u>de legislación judicial, la Mayoría ha creado un nuevo</u> <u>término "prescriptivo" retroactivo que limita a tres años</u> <u>el tiempo por el cual el empleado gubernamental puede</u> <u>reclamar los salarios que no le fueron satisfechos, término</u> <u>contenido en la mencionada Ley de Salario Mínimo, la cual,</u> <u>repetimos, no le es de aplicación a los empleados</u> <u>gubernamentales.</u>

A esos efectos, la Mayoría señala que como "el Reglamento de la UPR, que rige en lo esencial la reclamación de los peticionarios, no contiene disposición alguna sobre la retroactividad de reclamaciones salariales de los empleados de esa institución" existe una "laguna

---

[4] Aun cuando el patrono lo vuelva a emplear.

[5] Citando a <u>Agostini</u> v. <u>Tribunal Superior</u>, 82 D.P.R. 219 (1961).

normativa"; en vista de ello, concluye --en un absurdo acto de malabarismo jurídico-- que "procede aplicar el término más análogo, que es el que provee la Ley de Salario Mínimo."

Como resulta obvio, la contradicción espantosa en la que incurre la Mayoría "salta a la vista y hiere la retina".[6] Por un lado ésta acepta --realmente no le queda otro remedio-- que la Ley de Salario Mínimo <u>no</u> es de aplicación, o excluye, a los empleados gubernamentales. Ello no obstante, a renglón seguido, determina que el término de retroactividad de tres años que establece esa Ley de Salario Mínimo es el que debe utilizarse, por analogía, en el presente caso para coartar, o limitar, los derechos de los empleados gubernamentales; esto es, "por cuánto tiempo pasado se pueden reclamar salarios que no se pagaron", a pesar de que se debían haber pagado.

La Mayoría pasa por alto, o ignora, el hecho de que en <u>Aponte</u> v. <u>Srio. de Hacienda</u>, ante, los empleados reclamaron, de forma retroactiva más de diez años de salarios no devengados, <u>sin que este Tribunal limitara el número de años que podían ser reclamados</u>. Específicamente en ese caso, los salarios reclamados correspondían a servicios prestados durante periodos que alcanzaban hasta los veintitrés (23) años para algunos reclamantes. Esa era la norma jurisprudencial hasta hoy vigente, la cual, ciertamente, le hacía justicia al empleado gubernamental.

---

[6] *In re* <u>Roldán González</u>, 113 D.P.R. 238, 242 (1982).

Es evidente que ante la creación de la nueva norma jurisprudencial, <u>de ahora en adelante</u>, los empleados gubernamentales que interesen reclamar la totalidad de sus derechos estarán <u>obligados</u> a instar sus reclamaciones, no a partir del momento dispuesto hasta ahora por el antes citado Artículo 1867 y por nuestra jurisprudencia --esto es, dentro de los tres (3) años del <u>cese</u> en su empleo, la <u>interrupción</u> de sus servicios o la <u>novación</u> de sus contratos-- <u>sino dentro de los tres años contados a partir del día en que se prestó el servicio en particular no pagado</u> [7], situación que en el pasado <u>nos hemos negado</u>, específicamente, a avalar.

En <u>Muñoz</u> v. <u>Corte</u>, 63 D.P.R. 245 (1944) --caso que la Mayoría cita para intentar justificar su actuación, señalando que "esta cuestión no es realmente novel", ya que había sido anticipada en el mismo-- <u>nos negamos, específicamente, a resolver</u> que el término prescriptivo establecido por el citado Artículo 1867 del Código Civil comenzaba a decursar "desde que al final de cada semana

---

[7] Un sencillo ejemplo ilustra lo anteriormente dicho: el patrono (X) deja de pagarle al empleado (Y) parte de los salarios correspondientes a los años 1997, 1998 y 1999. El empleado (Y) deja de trabajar para (X) en el año 2004, por lo que, a tenor con lo dispuesto en el Artículo 1867, desde este momento tiene tres años --hasta el año 2007-- para reclamar los salarios no pagados. Ahora bien, de acuerdo a lo dispuesto en la Sentencia mayoritaria, este empleado sólo podrá reclamar por los tres años "anteriores a la fecha en que entabló la reclamación judicial", lo cual significa que si presenta su acción en el año 2007 sólo podrá reclamar por los años 2004, 2005 y 2006. El problema es que durante esos años el empleado <u>no</u> tiene nada que reclamar, ya que había cesado de trabajar en el año 2004.

recibió el pago de sus salarios", <u>por entender que dicha interpretación era contraria al historial legislativo y jurisprudencia interpretativa de la referida disposición estatutaria.</u>

Resulta importante enfatizar que desde el año 1944 --fecha en que resolvimos el antes citado caso de <u>Muñoz</u>, ante-- <u>hemos señalado que esta cuestión, esto es, la de la retroactividad en esta clase de situaciones, es una que debe ser resuelta por la Asamblea Legislativa y no por este Tribunal.</u>

No hay duda, en consecuencia, que <u>no</u> se trata, como nos quiere hacer creer la Mayoría, de que en nuestro ordenamiento jurídico exista un vacío, en cuanto a la retroactividad aplicable a esta clase de casos, que hay que suplir. <u>De lo que verdaderamente se trata es de que este Tribunal siempre ha entendido que este es un asunto de la exclusiva incumbencia de la Asamblea Legislativa de Puerto Rico y que hasta que ésta actúe sobre el mismo, se deberá permitir que el empleado gubernamental pueda reclamar por todos los años que no le pagaron lo que la ley ordenaba.</u>

II

Lo más lamentable y desgraciado de la actuación mayoritaria, sin embargo, son las razones que expuso la Mayoría para intentar justificar su errónea actuación, <u>fundamentos que merecen el más enérgico rechazo de todos.</u>

Se expresa en la Sentencia mayoritaria, en primer lugar, que los empleados demandantes demoraron muchos años, sin justificación alguna, en radicar su acción. Nada más lejos de la verdad. Ignora la Mayoría que en el presente caso no estamos ante una dilación injustificada. Los empleados demandantes actuaron dentro del período prescriptivo que para radicar su acción establecían las leyes pertinentes y la jurisprudencia interpretativa de las mismas. Mal puede imputársele incuria a un demandante que actúa cumpliendo con los términos vigentes en nuestro ordenamiento jurídico.

Por otro lado, la Mayoría intenta justificar su errónea actuación expresando que la misma alivia la difícil situación presupuestaria de la demandada Universidad de Puerto Rico, asunto o consideración que resulta totalmente impertinente. La función de este Tribunal es hacer justicia. Ello se logra mediante la emisión, de manera imparcial y objetiva, de decisiones correctas en derecho. La injusticia no tiene cabida en este Tribunal. Mucho menos la tiene consideraciones relativas a dólares y centavos. Nos negamos a ponerle precio a la justicia que dispensamos.

En fin, no pudimos, ni estamos en posición de, suscribir este crudo, y arbitrario, acto de legislación judicial. Es por ello que disentimos.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado