Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| SUZETTE RIVERA LEÓN, ZORRY CASTELLANO PADILLA, IVELISSE SANTIAGO ALMODÓVAR Y NIDZA JANICE DE LAS MERCEDES LLANOS GUZMÁN<br><br>Apelantes<br><br>v.<br><br>HON. MAITE D. ORONOZ RODRÍGUEZ, JUEZA PRESIDENTA DEL TRIBUNAL SUPREMO DE PUERTO RICO, EN REPRESENTACIÓN DE LA RAMA JUDICIAL; HON. SIGFRIDO STEIDEL FIGUEROA, DIRECTOR ADMINISTRATIVO DE LOS TRIBUNALES, EN REPRESENTACIÓN DE LA OFICINA DE ADMINISTRACIÓN DE TRIBUNALES, DEPARTAMENTO DE JUSTICIA DE PUERTO RICO P/C LCDO. DOMINGO EMANUELLI HERNÁNDEZ, SECRETARIO<br><br>Apelados | TA2025AP00429 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2024CV11503<br><br>Sobre: Sentencia Declaratoria, Ley de Salario Mínimo, Vacaciones y Enfermedad |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Adames Soto y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de enero de 2026.

La parte apelante, compuesta por las señoras Suzette Rivera León, Zorry Castellano Padilla, Ivelisse Santiago Almodóvar y Nidza Janice de las Mercedes Llanos Guzmán solicitan que revoquemos la Sentencia en la que el Tribunal de Primera Instancia, Sala de San Juan, desestimó la demanda incoada por éstas contra la Jueza Presidenta del Tribunal Supremo de Puerto Rico, Maite Oronoz Rodríguez, como representante del Poder Judicial, el juez Sigfrido Steidel Figueroa, como

Director Administrativo de la Administración de Tribunales y el Departamento de Justicia.

La parte apelada, jueza Maite Oronoz Rodríguez y Sigfrido Steidel Figueroa, conjuntamente presentaron Moción de Desestimación.[1]

El Colegio de Profesionales de la Enfermería (Colegio) de Puerto Rico solicita autorización para intervenir como *amicus curiae*. La moción no está acompañada del alegato, conforme lo establece la Regla 81(C) de nuestro reglamento. No obstante, los fundamentos esbozados en la solicitud de intervención son básicamente los mismos planteados por la apelante.

La apelada se opone a la intervención del Colegio debido a que: (1) no acompañó el alegato, (2) es tardía, (3) no introduce argumentos distintos a la apelante y, (4) hace referencia a documentos y comunicaciones que no estuvieron ante la consideración del TPI.

Este tribunal no autoriza la intervención del Colegio, en el ejercicio de la discreción que nos confiere la Regla 81(C) de nuestro reglamento. Nuestra determinación está basada en que los fundamentos esbozados son básicamente los mismos de la apelante, el Colegio no acompañó el alegato y su intervención ocasionaría una dilación innecesaria.

**I**

Los hechos procesales que anteceden a la presentación de este recurso son los siguientes:

Las demandantes son enfermeras generalistas del Poder Judicial que reclaman la aplicación de las escalas salariares establecidas en las Leyes Núm. 28-2005[2] y 136-2020[3].

---

[1] Véase Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada número 9 ante el Tribunal de Primera Instancia (TPI).

[2] Ley para establecer las escalas de salario de Enfermeras en el Servicio Público, Ley Núm. 28 de 20 de julio de 2005.

[3] Ley Para enmendar el Artículo 1 de la Ley Núm. 28 de 2005, mediante la cual se establece el salario mínimo a ser devengado por un(a) enfermer(a) en el servicio Público. Ley Núm. 136 de 1 de septiembre de 2020.

El Poder Judicial solicitó la desestimación de la demanda por los fundamentos siguientes:[4]

1. Las reclamaciones de las demandantes fueron descargadas por el Plan del Ajuste de la deuda y confirmada en el proceso de quiebra al amparo de la Ley de Supervisión, Manejo y Estabilidad Económica de Puerto Rico (LEY PROMESA), 48 USC sec. 2101 et seq.[5]

2. Las demandantes tenían que presentar un *proof of claim* antes de la fecha límite del 29 de junio de 2018 para salvaguardar sus derechos y procurar el repago correspondiente a dichos reclamos en el proceso previsto bajo el Título III de PROMESA.

3. El tribunal no tiene jurisdicción, porque constituye una violación al discharge injunction emitido el Orden de Confirmación del Plan de Ajuste de la Deuda del ELA

4. El tribunal no tiene jurisdicción para cuestionar la revisión salarial que hizo la Junta de Supervisión y Administración Financiera sobre el Plan de Retribución del Poder Judicial.

5. Las demandantes no están cobijadas por las leyes que invocan, debido a que el Poder judicial tiene un sistema de personal, separado de los demás poderes del gobierno, conforme a su independencia judicial.

Por su parte, la parte apelante se opuso a la desestimación porque alegó que:[6]

(1) No estaba obligada a presentar un *proof of claim,* debido a que en el procedimiento de quiebra se eximió a los empleados unionados y no unionados que reclaman compensaciones y beneficios laborales de presentar *proof of claim.*

(2) En *Acevedo Arocho y otros v. Depto. De Hacienda,* 2023 TSPR 80, 212 DPR ____, se reconoció el derecho de los trabajadores a continuar sus reclamaciones laborales contra el estado aún bajo la Ley Promesa.

(3) Puntualizaron que no pretendían impugnar las acciones o planes aprobados por la Junta de Supervisión Fiscal. Sostuvieron que habiendo la Junta de Supervisión aprobado la implementación de la Ley 136-2020 las demandantes solo pretendían que se cumpliera con la ley.

(4) Es incongruente que el poder judicial haya invocado que es una entidad conceptualmente inseparable del ELA para beneficiarse del proceso de quiebra, mientras convenientemente alega que no es parte del Estado para

---

[4] Véase Moción de Desestimación, entrada número 9 ante el TPI.
[5] Puerto Rico Oversight, Management, and Economic Stability Act, PL 114-187, 130 Stat. 549, 48 U.S.C. §§ 2101-2241.
[6] Véase SUMAC, entrada número 16 ante el TPI.

fines de aplicación de las leyes laborales que benefician al personal de enfermería.

El TPI desestimó la demanda sin necesidad de formular determinaciones de hecho ni conclusiones de derecho conforme a la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, acogió por referencia e hizo formar parte integra de la sentencia los argumentos de la apelada. Sin embargo, hizo constar de manera particularizada que:

1. La compensación de las demandantes está sujeta al Plan de Retribución del Poder Judicial y no al Gobierno Central debido a que son ramas de gobierno distintas.

2. El Plan de Retribución del Poder Judicial respondió a la Resolución Conjunta del Presupuesto del Fondo General objeto del Presupuesto Certificado por la Junta Fiscal.

3. El Poder Judicial es una rama independiente de la ejecutiva y tiene un presupuesto separado e independiente. Por eso tenía que someter directamente a la legislatura una petición justificada, para el aumento de sueldo de su personal de enfermería y hacer las reservas presupuestarias. Además, tenía que contar con la aprobación de la Junta Fiscal.

4. El personal de enfermería del Poder Judicial no está bajo la jurisdicción del Departamento de Salud, ni se rige por la Oficina de Capacitación y Asesoramiento en Asuntos Laborales ni por la Administración de Recursos Humanos del Gobierno de Puerto Rico.

5. Las demandantes recibieron un aumento bajo el Plan de Retribución del Poder Judicial, posterior a la vigencia de la Ley núm. 136-2020.

Inconforme, la parte apelante presentó este recurso en el que alega que:

ERRÓ EL TPI AL DESESTIMAR LA DEMANDA BAJO EL FUNDAMENTO DE QUE LA OAT Y EL PODER JUDICIAL NO SON UNA ENTIDAD PÚBLICA Y POR LO TANTO LAS DEMANDANTES NO SE CLASIFICAN COMO SERVICIO PÚBLICO PARA EFECTOS DE LA APLICACIÓN DE LA LEY 28-2005 SEGÚN ENMENDADA POR LA LEY 136-2020.

## II

### La Moción de Desestimación

La Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, faculta a la parte contra la cual se presenta una reclamación a presentar una moción de desestimación por dejar de exponer una reclamación que

justifique un remedio. Conforme a dicho fundamento, se permite que la parte demandada fundamente su solicitud de desestimación invocando la defensa de que la petición judicial no expone una reclamación que justifique la concesión de un remedio. En tal caso, la desestimación pretendida se dirige a los méritos de la controversia y no a los aspectos procesales del caso. *BPPR v. Cable Media*, 2025 TSPR 1, 215 DPR ___ (2025). Al momento de evaluar una moción de desestimación bajo dicho fundamento, los tribunales tienen que dar como ciertos todos los hechos que han sido bien alegados en la demanda y considerarlos de la forma más favorable para el demandante. *Rivera, Lozada v. Universal*, 214 DPR 1007, 1023 (2024). Los hechos bien alegados son aquellos aseverados de manera clara y concluyente y que de su faz no dan margen a duda alguna. De igual manera, la desestimación no procede si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428-429 (2008). El promovente tiene que demostrar certeramente que no existe ningún remedio que el demandante pueda reclamar bajo cualquier estado de derecho que pueda probar y aun interpretando la demanda a su favor. Toda duda debe resolverse a favor de la demandante. *Rivera, Lozada v. Universal, supra.*

### **Ley Núm. 136-2020**

La Legislatura de Puerto Rico aprobó la Ley 136-2020 para enmendar el Artículo 1 de la Ley Núm. 28-2005, 24 LPRA sección 1001, en el que se establecía el salario mínimo de los enfermeros del servicio público. Además, para añadir nuevas categorías en la práctica de esa profesión y aumentar el salario mínimo de estos profesionales de la salud. El Secretario de Salud tenía que establecer un procedimiento por etapas, para cumplir con las nuevas escalas. No obstante, para el 1 de julio de 2022, todo el personal de enfermería del servicio público debía estar ubicado en la escala correspondiente. Por mandato de ley, el secretario está obligado a revisar las escalas cada cinco años y hacer

los ajustes pertinentes.  Cualquier ley que conflija con lo dispuesto en dicha legislación quedó derogada, prevaleciendo la ley 136-2020 sobre cualquier otra que no esté en armonía con lo en ella establecido.  Su vigencia sería efectiva inmediatamente después de su aprobación.  De igual manera el secretario aprobó el *Reglamento para Establecer el Salario Mínimo a ser Devengado por un Profesional de la Enfermería en el Servicio Público*, Reglamento Núm. 9411 de 13 de octubre de 2022.  Su aplicabilidad se extiende a toda entidad pública del Estado Libre Asociado de Puerto Rico.[7]  Según el Artículo 4(c) toda entidad pública se refiere a toda agencia, corporación o instrumentalidad pública, oficina u municipio del Gobierno de Puerto Rico.

### Artículo V, Sección 7, de la Constitución de Puerto Rico, la Ley Núm. 64 de 31 de mayo de 1974, 4 LPRA sec. 521 et seq., las Reglas del Sistema de Personal de la Rama Judicial y el Reglamento de la Administración del Sistema de Personal

Los padres de Constitución del Estado Libre Asociado de Puerto Rico concedieron al Tribunal Supremo de Puerto Rico la autoridad para adoptar las reglas para la administración del personal de la Rama Judicial en el Artículo V, Sec. 7, de la Constitución.  Const., P.R. LPRA, Tomo 1. El legislador reconoció que nuestros constituyentes adoptaron el concepto de independencia judicial, al conferirle al Juez Presidente, la autoridad para administrar los tribunales y al Tribunal Supremo para establecer las reglas que gobernaran la administración de esa rama de gobierno.  Exposición de Motivos de la Ley Núm. 64 de 31 de mayo de 1974, 4 LPRA sec. 521 et seq.  La Ley Núm. 64, *supra,* viabilizó el cumplimiento del precepto constitucional, porque el legislador autorizó a la Rama Judicial a adoptar las reglas que gobernaran la administración de su personal y a la creación de un sistema de personal autónomo que respondiese a sus necesidades con completa autonomía.  El poder delegado incluyó expresamente los planes de clasificación y retribución de los empleados de la Rama

---

[7] Véase Artículo 2, Reglamento Núm. 9411.

Judicial. Artículo 2 de la Ley Núm. 64 *supra,* 4 LPRA sección 522; *Rivera Padilla et al v. OAT,* 189 DPR 315, 336-337 (2013).

Según encomendado, el Tribunal Supremo de Puerto Rico adoptó las Reglas del Sistema de Personal de la Rama Judicial y el Reglamento de la Administración del Sistema de Personal para cumplir con el mandato constitucional y legislativo. *Rivera Padilla et al v. OAT,* supra, pág. 337. La Regla 11 de las Reglas de Administración del Sistema de Personal de la Rama Judicial faculta al Juez Presidente a establecer un Plan de Retribución. 4 A LPRA Ap. XII. El personal de la Rama Judicial será retribuido conforme a lo establecido en ese plan. El Juez Presidente o la persona en quien este delegue, designará un Comité para establecer un Reglamento de Retribución para instrumentar y aplicar el Plan de Retribución del personal de la Rama Judicial. 4 A LPRA Ap. II Regla 13. El Reglamento de la Administración del Sistema de Personal de la Rama Judicial aplica a todos los puestos, salvo que se disponga lo contrario en la Reglas de Administración del Sistema de Personal de dicha rama. 4 A LPRA Ap. XIII Art. 1. El Juez Presidente o la persona que delegue, hará que se determinen los deberes y responsabilidades de todos los puestos en la Rama Judicial y los agrupará en forma sistemática dentro de clases que constituirán el Plan de Clasificación que servirá para establecer y mantener un plan de retribución equitativo. 4 A LPRA Ap. XIII, Art. 5. Además, hará que se prepare un Plan de Retribución para todos los puestos en la Rama Judicial que debería estar en plena armonía con el Plan de Clasificación y el principio constitucional de igual paga por igual trabajo. 4 LPRA Ap. XIII, Art 10.

### III

La controversia que nos ocupa es de estricto derecho, porque nos corresponde resolver si el personal de enfermería que labora en el Poder Judicial está cobijado por la Ley Núm. 136-2020. Colegimos que no. Por disposición constitucional a las enfermeras del Poder Judicial no

les aplica la Ley Núm. 136-2020. Los padres de nuestra constitución concedieron expresamente al Tribunal Supremo de Puerto Rico la autoridad para adoptar las reglas para la administración del personal de la Rama Judicial. La Ley Núm. 64, *supra,* es la herramienta que usó el legislador para hacer cumplir el mandato constitucional. Nuestra legislatura confirió poder expreso al Tribunal Supremo de Puerto Rico para establecer los planes de clasificación y retribución de los empleados de la Rama Judicial, sin reconocer excepción alguna. Las Reglas del Sistema de Personal de la Rama Judicial y el Reglamento de la Administración del Sistema de Personal materializan el cumplimiento con el mandato de los constituyentes y de la legislatura. Su aplicación es extensiva a todos los puestos de la Rama Judicial, salvo que se disponga lo contrario.

El TPI desestimó correctamente la demanda, porque por disposición constitucional y legislativa es el Tribunal Supremo de Puerto Rico el que determina la retribución que recibirán los empleados de la Rama Judicial. Las enfermeras que trabajan en esa rama de gobierno no tienen una causa de acción que justifique la aplicación de la Ley Núm. 136-2020, porque no son la excepción. Sus salarios al igual que los demás empleados de la Rama Judicial son determinados por el Tribunal Supremo de Puerto Rico.

**IV**

Se confirma la Sentencia apelada, en la que el Tribunal de Primera desestimó con perjuicio la demanda.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones